JOURNAL ENTRY AND OPINION
Defendant-appellant Duran T. Harris ("appellant") appeals from the order of the trial court purporting to "re-impose" appellant's life sentence for his aggravated murder conviction. For the reasons adduced below, we affirm the judgment of the trial court.
On June 30, 1976, the Cuyahoga County Court of Common Pleas convicted appellant on seven counts of aggravated robbery and one count of aggravated murder with a specification. The trial court sentenced appellant to consecutive prison terms of seven to twenty-five years on each aggravated robbery count. The court sentenced appellant to death on the aggravated murder count.
Subsequent to appellant's death sentence, the Supreme Court of the United States held that Ohio's former death penalty statute was unconstitutional. Lockett v. Ohio (1978), 438 U.S. 586,98 S.Ct. 2954, 57 L.Ed.2d 973. In an entry dated August 16, 1978, the Supreme Court of Ohio modified and reduced appellant's death sentence to life imprisonment.
The Supreme Court of Ohio issued a certified copy of the modification of appellant's sentence to the Superintendent of the Southern Ohio Correctional Facility and the Clerk of the Cuyahoga County Court of Common Pleas. As ordered by the supreme court, the Southern Ohio Correctional Facility acknowledged receipt of the modification entry. According to prison documents, appellant received carbon copies of the acknowledgment letter and notification of the modification of his death sentence. In a letter dated September 1, 1978, appellant's attorney wrote in part:
 On August 21, 1978 I received a copy of the Ohio Supreme Court entry of August 16, 1978 modifying the death sentence of all those on death row to life imprisonment. I notified Mr. Harris of that entry in a letter to him on August 23rd. * * *
On October 30, 1998, appellant filed a motion for postconviction relief. In his motion, appellant insisted that the modification of his sentence was void because he was not present when his sentence was modified and reduced by the supreme court.[1] On January 27, 1999, with appellant and his counsel present, the trial court conducted a hearing on this matter. In a journal entry filed on February 2, 1999, the trial court "re-imposed" a life sentence on appellant for his aggravated murder conviction. Therefrom, appellant has filed the instant appeal.
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN IMPOSING A SENTENCE ON DEFENDANT HARRIS WHERE THE COURT PATENTLY AND UNAMBIGUOUSLY LACKED STATUTORY JURISDICTION AND AUTHORITY TO IMPOSE THE SENTENCE UNDER OHIO LAW RENDERING THE SENTENCE AND JUDGMENT OF THE TRIAL COURT VOID IN VIOLATION [OF] THE UNITED STATES CONS[T]ITUTION, FOURTEENTH AMENDMENT DUE PROCESS CLAUSE AND THE OHIO CONS[T]ITUTION, ARTICLE I, SECTION 16.
 II. THE TWENTY YEARS DELAY IN IMPOSING A SENTENCE UPON DEFENDANT HARRIS WAS IMPROPER, UNREASONABLE AND UNCONSTITUTIONAL IN THAT IT HAS DENIED HIM HIS CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL UNDER THE UNITED STATES CONSTITUTION, SIXTH AMENDMENT AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 10, AND THE COURT LOST JURISDICTION TO IMPOSE SENTENCE.
In his first and second assignments of error, appellant challenges the constitutionality of the order of the trial court which "re-imposed" a life sentence upon appellant. We note that appellant is not appealing from the order of the Supreme Court of Ohio, dated August 16, 1978, which modified and reduced his death sentence to life imprisonment.
The journal entry, filed on February 2, 1999, was merely a perfunctory act in which the trial court recognized the prior modification of appellant's sentence by the supreme court. The challenged order did not alter appellant's sentence and, therefore, the order had no prejudicial or constitutional consequences.
Accordingly, we overrule appellant's first and second assignments of error. Appellant's life sentence for aggravated murder is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and PATRICIA A. BLACKMON, J. CONCUR.
 ________________________________ LEO M. SPELLACY PRESIDING JUDGE
[1] R.C. 2929.06(A) now requires that the trial court conduct a resentencing hearing when a death sentence is vacated upon appeal. We note, however, that R.C. 2929.06(A) was enacted on October 19, 1981. When the supreme court vacated appellant's death sentence, on August 16, 1978, Ohio law did not require that the trial court conduct a resentencing hearing.